# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3590 | **DATE** | 7/24/2008 |
| **CASE TITLE** | Kendrick Butler (#2007-0034408) v. Sergeant Kelly, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#6] is granted. The court authorizes and orders Cook County Jail officials to begin making monthly deductions from the plaintiff's account in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk is directed to issue summonses for service on the defendants by the U.S. Marshal. On the court's own motion, Anthony T. Capua, John P. DeRose & Associates, 15 Spinning Wheel Rd, Suite 428, Hinsdale, Illinois 60521, (630) 920-1111 is appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

■ **[For further details see text below.]**            **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, jail officials, violated the plaintiff's constitutional rights by acting with deliberate indifference to his medical and mental health needs and by subjecting him to punitive conditions of confinement.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Because the plaintiff has had an average monthly income of only thirteen cents in the six months preceding the filing of this lawsuit, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. 28 U.S.C. § 1915(b)(1). Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

                                                                                                                                              mjm

**STATEMENT (continued)**

     Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the complaint states colorable causes of action under the Civil Rights Act. Correctional officials may not act with deliberate indifference to a pretrial detainee's medical or mental health needs. *See, e.g., Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Matos v. O'Sullivan*, 335 F.3d 553, 556-57 (7th Cir. 2003). Furthermore, pretrial detainees may not be subjected to conditions that amount to "punishment" without due process. *Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell, supra*, 441 U.S. at 535. It is not the case that the plaintiff could prove no set of facts in support of his complaint which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *see also Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). The clerk shall issue summonses for service of the complaint on the defendants. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

     Because the plaintiff does not appear to have the wherewithal to litigate this matter, counsel will be appointed to represent him. On the court's own motion, Anthony T. Capua / John P. DeRose & Associates / 15 Spinning Wheel Rd, Suite 428 / Hinsdale, Illinois 60521 / (630) 920-1111 is appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).